23-7858
Saldana-Guaman v. Bondi

BIA
Ling, IJ
A216 988 043/044/045

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand twenty-six.

PRESENT:
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

ELVA AIDA SALDANA-GUAMAN,
D.G.C-S., S.E.C-S.,
> *Petitioners,* ∗

v.                                                        **23-7858**
                                                         **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

∗ The Clerk of Court is respectfully directed to amend the caption as set forth above.

**FOR PETITIONERS:** Japheth Matemu, Esq., Musa-Obregon Law, P.C., Maspeth, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Sunah Lee, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Elva Aida Saldana-Guaman and her two minor children, all natives and citizens of Ecuador, seek review of an October 31, 2023, decision of the BIA affirming a March 25, 2022, decision of an Immigration Judge ("IJ") denying Saldana-Guaman's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]  *In re Saldana-Guaman*, Nos. A 216 988 043/044/045 (B.I.A. Oct. 31, 2023), *aff'g* Nos. A 216 988 043/044/045 (Immig. Ct. N.Y. City Mar. 25, 2022).  We assume the parties' familiarity with the underlying facts and procedural history.

---

[1] We principally refer to Saldana-Guaman because her children were derivative applicants for asylum and did not file independent applications.

We have reviewed the IJ's decision as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factfinding "under the substantial evidence standard," and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To establish eligibility for asylum and withholding of removal, an applicant "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." *Id.* § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (applying asylum's "one central reason" standard to withholding of removal). General crime and violence in a country is not a ground for asylum and withholding of removal. *See Melgar de Torres v. Reno*, 191 F. 3d 307, 313–14 (2d Cir. 1999). "The applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from [a protected ground]." *Yueqing Zhang v. Gonzales*, 426 F.3d

3

540, 545 (2d Cir. 2005); *see also Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985) (defining persecution as harm inflicted to "punish" a person "for possessing a belief or characteristic a persecutor sought to overcome").

Here, the agency determined that Saldana-Guaman failed to establish the required nexus to her proposed particular social group of "single Ecuadorian mothers persecuted by and facing life threatening extortion demands from the Los Choneros criminal gang." Cert. Admin. R. at 112. She now advances a cursory argument that the record demonstrates that she was singled out for extortion because she is a single Ecuadorian woman, and that the agency failed to explain why it discounted evidence supporting that conclusion. However, she does not identify evidence that the agency should have considered, and review of the record does not reveal evidence compelling a conclusion that her status as a single Ecuadorian woman targeted by a gang was one central reason for the gang's extortion demand and threats. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282–83 (2d Cir. 2006) (reviewing nexus determination for substantial evidence). Saldana-Guaman alleged that the gang demanded money and then threatened her and her family when she did not pay in full, without alleging that they mentioned her status as a single woman, or that the circumstances suggested that this status

4

played a role in their decision to target her. The remaining evidence, including an affidavit from acquaintances and country conditions evidence, corroborates aspects of her account, but does not suggest that the gang specifically targets single mothers, or that animus toward single mothers was a factor in Saldana-Guaman's abuse.

No further discussion of this evidence was required from the agency under the circumstances. *See Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that [the agency] has taken into account all of the evidence . . . unless the record compellingly suggests otherwise."). Even assuming single mothers are easier targets for extortion because they are a marginalized group, the record indicates that the gang targeted Saldana-Guaman because she appeared to be a lucrative target for extortion, and not that animus toward single mothers was more than a "tangential or incidental" reason for her abuse. *Garcia-Aranda v. Garland*, 53 F.4th 752, 758 (2d Cir. 2022) (finding harm motivated by perceived ability to pay extortion was not persecution on a protected ground); *cf. Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from

considering those people a 'particular social group' within the meaning of the INA.").

We find no merit in Saldana-Guaman's remaining arguments. First, because, as discussed above, she failed to establish past persecution, there is no presumption of future persecution, and the regulations do not provide for a presumption of past persecution. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1). Second, as the Government contends, she did not challenge the denial of a continuance before the BIA, so any challenge is unexhausted and not properly before us. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."); *Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (reaffirming that issue exhaustion is mandatory when raised by the Government). Third, the BIA stated the correct clear error standard of review, and she has not identified an aspect of the BIA's decision that indicates it applied the wrong standard or engaged in improper factfinding. *See* 8 C.F.R. § 1003.1(d)(3)(i). Finally, she has abandoned her CAT claim by not presenting any argument on it. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not

adequately presented in the appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court